1817.

HAAK *against* BREIDENBACH executor of BREIDEN-
BACH.

*Lancaster.*

IN ERROR.

*Monday,*
May 26.

[For a former decision in this case, see 6 *Binn.* 12.]

In a suit upon an award for damages done to the plaintiff's land between the 10th August, 1785, and 4th August, 1786, the defendant pleaded a former recovery, and gave in evidence a verdict and judgment between the same parties in trespass, brought by the plaintiff for the same kind of damage stated in the declaration in that suit, to have been done on the 10th August, 1785, and continued from thence to the 3d November, 1788, *held,* that the plaintiff might shew, by parol evidence, that the jury, in that verdict, did not include the damages done during the period embraced in the award.

In trespass with a *continuando* the plaintiff may wave the *continuando* and prove a trespass before the suit brought.

ERROR to the Common Pleas of *Lebanon* county.

*Breidenbach,* the plaintiff below, brought this action upon an arbitration bond entered into by the defendant, on the 4th *August,* 1786, to abide the award of arbitrators for damages alleged to have been done prior to that time, by the defendant, to the bark mill and spring of the testator, by damming up a streamlet of water on the defendant's land. The defendant pleaded no award; and recovery in a former action in the Common Pleas of *Dauphin* county, (in which *Lebanon* county was then included,) for the same cause of action. The plaintiff replied, and set out the award, for the payment of 120 pounds; and assigned for breach, the non-payment thereof. To the second plea, he replied no such recovery. In support of the plea of a former recovery the defendant gave in evidence the record of a recovery, in an action on the case against him brought to *November* Term, 1788, by the testator in the Court above-mentioned, in which the declaration was for damming up a stream of water on the defendant's land, on the 10th *August,* 1785, by which the testator's bark mill and spring were overflowed and injured, whereby he lost the profits and advantages thereof, from the 10th *August,* 1785, to the 3d *November,* 1788, when that suit was instituted. The plaintiff then offered the deposition of *Stacy Potts,* one of the jurors who tried the cause, to shew, that on that trial, the plaintiff waved all claim for damages from the 10th *August,* 1785, to the 4th *August,* 1786; that the jury was directed by the Court, on account of the arbitration, not to include that period of time in estimating the damages, and that they therefore only included the damages sustained subsequently to the 4th *August,* 1786. This evi-

dence was objected to by the defendant, but admitted by the
Court and a bill of exceptions taken.

*Godwin, C. Smith,* and *Duncan,* for the plaintiff in error.
The record in the suit brought to *November,* 1788, is con-
clusive evidence of a recovery of damages therein, for the
whole time contained in the *continuando.* If the plaintiff
might have recovered for the whole time laid, he is estop-
ped from denying that he did. The verdict embraces the
whole matter in issue; and the damages being entire, must
be taken to be for the whole time laid. 2 *Saund.* 171. It
would be dangerous to permit the evidence of a juror to con-
tradict the legal effect of the record. They cited also, 2
*Black. Rep.* 831.

*Elder* and *Hopkins,* contra. In the plea of former recovery
matters of law and fact are mixed. 6 *Johns.* 26. 30, 31. In
the former suit the defendant might have shewn, that the
award covered part of the time contained in the *continuando,*
and it is proper to shew that he did so. The day laid in the
declaration was not material; any other day might have been
proved, as well as the 10th *August,* 1785. *Lit. sect.* 485. So
the plaintiff may wave the *continuando;* or give evidence of
only part of the time stated in it. *Bull. N. P.* 86. The suit
pleaded in bar here was for the erection and continuance of
a *new* nuisance. Action for trespass to a horse, and plea
former recovery. Replication, that although the former suit
was brought for trespass against two horses, the plaintiff re-
linquished the trespass as to one, and recovered only as to
one. 2 *Johns.* 227.

The opinion of the Court was delivered by
TILGHMAN C. J. The question in this case, in the Court
below was, whether the plaintiff had recovered damages in a
former action, for a nuisance continued from 10th *August,*
1785, to 4th *August,* 1786. In order to prove that he had,
the defendant gave in evidence the record of a recovery in a
former action, in which a *continuando* was laid, including the
time in dispute. On the other hand, the plaintiff offered, and
the Court admitted, parol evidence, to shew, that on the trial
of the former action, the plaintiff gave up part of the time

1817.

HAAK
*v.*
BREIDENBACH
executor of
BREIDENBACH

laid in the *continuando*, viz. from 10th *August*, 1785, to 4th *August*, 1786, and received damages only for a time *prior to* 10th *August*, 1785. The error assigned is, in the admission of the parol evidence.

In trespass with a *continuando*, the plaintiff may wave the *continuando*, and prove a trespass at any time before the suit brought, or he may give evidence which goes to only *part* of the time laid in the *continuando*. The law is so laid down in *Bull. N. P.* 86. In trespass for *mesne profits*, if the defendant pleads in bar, a former recovery in ejectment, the Court will take notice, that the proceedings in ejectment are fictitious, and that *it is not usual* to recover more than small damages, for the ouster, without regard to *mesne profits*. *Bull. N. P.* 88. Thus it appears, that in order to do justice, the Court will inquire into facts not contradictory to the record. If the plaintiff did not in truth recover in the former action, for the time between 10th *August*, 1785, and 4th *August*, 1786, he will suffer wrong, unless he recovers in this action. And if he might, on the former trial, confine himself to part of the time laid in the *continuando*, I see not why he may not now be permitted to shew, that he did so confine himself, because this evidence does not contradict the record. Inasmuch then, as the justice of this case could not be attained, but by admission of the parol evidence, I am of opinion, that it was properly admitted, and that the judgment should be affirmed.

Judgment affirmed.